UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| IN RE ) | Bankruptcy Case |
| ) | No. 13-60280-fra7 |
| ROBERT LEON and ELLEN LEON, ) | |
| ) | |
| Debtors. ) | |
| ) | Adversary Proceeding |
| RONALD R. STICKA, Trustee, ) | No. 14-6078-fra |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | |
| RUBEN LEON; U.S. BANK, N.A. and ) | |
| SAN DIEGO COUNTY, CALIFORNIA, ) | |
| ) | MEMORANDUM OPINION |
| Defendants. ) | |

The Plaintiff has filed a motion for partial summary judgment, to which the Defendant Ruben Leon has not responded. For the reasons that follow, the Plaintiff's motion will be granted.

FACTS

Debtor Robert Leon and his brother, Defendant Ruben Leon, inherited real property in Oceanside, California which they own jointly as tenants in common. The property is occupied and income producing. Debtors Robert and Ellen Leon filed a voluntary petition in bankruptcy under Chapter 7 on February 1, 2013 and the Plaintiff was duly appointed as Trustee.

// // //

// // //

Page 1 - MEMORANDUM OPINION

Plaintiff filed this adversary proceeding under 11 U.S.C. §§ 363(f) and (h)[1] to compel and authorize the sale of the property jointly owned by the Debtor and his brother, free and clear of the claims of the Defendants, with the liens and entitlement by the co-owner to attach to the proceeds of sale. The Plaintiff indicates that there is substantial equity in the property which may be liquidated for the benefit of creditors, with liens and costs of sale to be paid at closing.

## SUMMARY JUDGMENT

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, admissions, and affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56, made applicable by Fed. R. Bankr. P. 7056. The movant has the burden of establishing that there is no genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The court must view the facts and draw all inferences in the light most favorable to the nonmoving party. T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630-31 (9th Cir. 1987). The primary inquiry is whether the evidence presents a sufficient disagreement to require a trial, or whether it is so one-sided that one party must prevail as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).

A party opposing a properly supported motion for summary judgment must present affirmative evidence of a disputed material fact from which a fact finder might return a verdict in its favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986). Fed.R.Bankr.P. 7056, which incorporates Fed. R.Civ.P. 56(e), provides that the nonmoving party may not rest upon mere allegations or denials in the pleadings, but must respond with specific facts showing there is a genuine issue of material fact for trial. Absent such response, summary judgment shall be granted if appropriate. See Celotex Corp. v. Catrett, 477 U.S. 317, 326-27 (1986).

// // //

---

[1] Any statutory reference herein, unless otherwise specified, is to the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*

Page 2 - MEMORANDUM OPINION

## DISCUSSION

Plaintiff seeks partial summary judgment under Fed.R.Bankr.P. 7056 and LBR 7056-1 for an order granting partial summary judgment in favor of Plaintiff ordering: (1) that Plaintiff shall have exclusive control to administer the rental income and control rent management through an independent agent, with costs, including fees for rent management, shared equally, and that remaining net proceeds for rental income be divided between Plaintiff and Defendant Ruben Leon and (2) ordering that Plaintiff has exclusive authority to list and sell the property at 1942 South Ditmer Street, Oceanside, California free and clear of all liens and claims of interest under 11 U.S.C. § 363(f) and (h), except to the extent liens and costs of sale are paid at closing.

The Trustee indicates that the jointly owned property has a fair market value of approximately $500,000, which is sufficient to pay all liens of record and the costs of sale, as well as provide a benefit to unsecured creditors. This satisfies the requirement of § 363(f)(3) which allows a sale free and clear of interests in the property "if such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property."

A sale of co-owned property (i.e. owned by both the bankruptcy estate and a third-party) involves a further hurdle found at § 363(h).[2] The Court finds that the requirements of § 363(h) have been met and that the Trustee should be authorized to sell the property under §§ 363(f) and (h).

A final issue involves the Defendant's violation of the Court's Preliminary Order requiring that he account for and pay over to the Trustee the Estate's share of net rents received from tenants of the co-owned property for the period after the Debtors' bankruptcy filing. Once the Trustee has sold the property in

---

[2] A sale of co-owned property may only be made by the trustee if:
(1) partition in kind of such property among the estate and such co-owners is impracticable;
(2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;
(3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and
(4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

Page 3 - MEMORANDUM OPINION

question, he should file with the Court a Notice of the amounts the Trustee seeks to setoff against the Defendant's share of the proceeds of sale. Any issues involving the proposed setoff can be addressed by the Court at that time.

An order will be entered by the Court granting partial summary judgment to the Plaintiff as requested in Plaintiff's motion. Plaintiff should submit to the Court a form of judgment consistent with this Memorandum Opinion.

FRANK R. ALLEY, III  
Chief Bankruptcy Judge

Page 4 - MEMORANDUM OPINION